SUNNYSIDE SCHOOL DISTRICT NO. 43, et al, Plaintiffs, v. CHICAGO AND NORTH WESTERN RAILWAY CO., et al, Defendants.

(262 N. W. 88.)

(File No. 7845.   Opinion filed July 23, 1935.)

*Johnson & Johnson,* of Pierre, for Plaintiffs.

*D. W. Conway,* Attorney General, and *Churchill & Benson,* of Huron, for Defendants.

POLLEY, J. This is a proceeding in mandamus brought by the plaintiffs to compel the tax commission to place certain property in Tripp and Mellette counties upon the assessment rolls that it may be listed for taxation purposes.

Sunnyside School District No. 43 is a common school district in Tripp county, and Wood Independent School District is an independent school district in Mellette county.

Since the amendment of the Constitution of 1918, section 2, of art. 11, has empowered the Legislature to divide all the taxable property in the state into classes, and to determine what class or classes of property shall be subject to taxation and what property, if any, shall be exempt from taxation. Assuming to act under the authority of such constitutional amendment, the Legislature of 1925 enacted a law (chapter 262, Laws 1925), § 1 of which chapter reads as follows: "Section 1. Such new lines or new extensions of railroads, consisting of the right of way, road bed, bridges, main and side tracks, switches, spurs, terminals and terminal facilities and all buildings and immovable construction necessary for the building and maintenance of the same, that may be constructed wthin the period of ten years from the passage of this Act, are hereby exempted from assessment and taxation for a period of ten years from and after the construction thereof."

During the year 1929 the North Western Railway Company extended its line of railroad from the town of Winner in Tripp county to the town of Wood in Mellette county, a distance of 33 and a fraction miles. The taxing commission and other taxing bodies, assuming chapter 262 of the Laws of 1925 to be in force and effect, has never listed for taxation any part of said railroad extension, nor its right of way, nor depots, nor other railroad property pertinent thereto.

The plaintiff school districts, assuming that said statute is in violation of the provisions of the State Constitution, and that said property is and at all times since and including the year 1929, has been subject to taxation, brought this proceeding to compel the division of taxation and other taxing instrumentalities of the state to place said property on the tax list and to tax the same as other similar property.

In addition to answering to the merits in said proceeding, the defendants moved to quash the alternative writ that was issued by this court upon the initiation of the proceeding upon the ground, among others, that the showing made by the plaintiffs in support of their application for the writ does not state facts sufficient to entitle the plaintiffs to the relief prayed for.

The ground upon which plaintiffs claim to be entitled to the writ in this matter is that because of the withdrawal of the railroad property herein involved from the tax lists, it has increased the burden of taxation placed upon the remainder of the property in said districts and that the plaintiffs have not been able to collect as great an amount of taxes as they would have been able to collect had such property not been withdrawn from taxation. Defendants claim that the plaintiffs are not affected by the withdrawal of said property from taxation because they are not taxpayers, and therefore it is not a matter of concern to them how great the burden of taxation is to the other property owners in said school districts. We believe the defendants are right in this contention. It is not material to the school board where the money with which to carry on the proper activities of the school district comes from. They claim they are embarrassed and deprived of revenue necessary to operate their schools, but they do not claim that they have already levied taxes to the legal limit, or that they could not raise sufficient revenue within the legal limit of taxation.

The school districts are not proper plaintiffs in interest in this proceeding, and the alternative writ heretofore issued should be dismissed.

Dismissed.

WARREN, P. J., and CAMPBELL and ROBERTS, JJ., concur.

RUDOLPH, J., not sitting.